CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 08 2013

JULIA C. DUDLEY, CLERK
BY:
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GARY WAYNE HENDRICKS, | ) | CASE NO. 7:13CV00514 |
| | ) | |
| Petitioner, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| COMMONWEALTH OF VIRGINIA, | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

Gary Wayne Hendricks, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 1997 conviction in the Circuit Court for the City of Charlottesville on charges of robbery and use of a firearm in the commission of a felony. Hendricks has filed a petition styled as a "MOTION FOR DECLARATORY JUDGMENT," challenging the constitutionality of the Virginia "three-strikes" statute under which the Court sentenced him to life in prison as a recidivist. Based on the nature of Hendricks' claims—seeking a finding that Hendricks is wrongfully confined under the Charlottesville judgment—the court finds that the submission must be construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and summarily dismissed as successive, pursuant to 28 U.S.C. § 2244(b).[1]  See Gonzalez v. Crosby, 545 U.S. 524, 530-32 (2005). (finding when a criminal defendant files motion seeking relief from criminal judgment, regardless of title he assigns it, the court should construe that motion as a successive habeas petition and dismiss it as successive).

Court records indicate that in 2001, Hendricks filed a § 2254 petition concerning the same Charlottesville judgment, alleging claims of ineffective assistance, prosecutorial

---

[1] Under Rule 4(b) of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

misconduct, and court error. The court granted the respondent's motion to dismiss Hendricks' claims as procedurally defaulted or without merit. See Hendricks v. Young, Civil Action No. 7:01CV00758, 2002 WL 32512734 (W.D. Va. 2002), appeal dism'd, 55 F. App'x 700 (4th Cir. 2003), cert. denied, 541 U.S. 1015 (2004). Thus, Hendricks's current § 2254 petition is a subsequent one, falling under the prohibition in 28 U.S.C. § 2244(b) against a second or successive petition.

Pursuant to § 2244(b), a federal district court may consider a second or successive § 2254 petition only if petitioner secures specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the petition meet certain criteria. § 2244(b)(3). Because Hendricks does not demonstrate that he has obtained such certification by the Court of Appeals, the court will dismiss the petition without prejudice as successive. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 8th day of November, 2013.

*/s/ James C. Turk*
Senior United States District Judge